**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
                                        :
IN RE GREGG F. WULSTER,                 :   Bankruptcy No. 09-13388 (MBK)
                                        :   Adv. Proc. No. 09-2015 (MBK)
     Debtor.                            :
                                        :
                                        :
GREGG F. WULSTER,                       :   CIVIL ACTION NO. 11-3407 (MLC)
                                        :
     Appellant,                         :        OPINION, ORDER, &
                                        :       ORDER TO SHOW CAUSE
     v.                                 :
                                        :
KAREN PFEIFFER,                         :
                                        :
     Appellee.                          :
                                        :
```

**THE APPELLANT**, who is pro se, seeks to appeal from an order of the United States Bankruptcy Court. (See dkt. entry no. 1, Notice of Appeal.) The appellant applies to waive the filing fee for the appeal under 28 U.S.C. § ("Section") 1915 ("Application"). (See dkt. entry no. 5, Appl.) The appellant properly filed the Application in the United States District Court, rather than in the Bankruptcy Court. See Countryman v. Prue, 343 B.R. 904, 906 (N.D. Ind. 2006) (stating bankruptcy court lacks authority to permit appellant to waive filing fee for appeal). This Court, based upon a review of the Application presenting the appellant's financial situation, will (1) grant the Application, and (2) deem the notice of appeal to be filed.

**THE COURT** may now (1) review the appeal, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

against an appellee who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); Roper v. Garden Ridge Corp. (In re Garden Ridge Corp.), Nos. 06-555 & 06-723, 2009 WL 62442, at *1-3 (D.Del. Jan. 9, 2009) (reviewing appeal's merits after granting bankruptcy appellant's application to waive filing fee); In re Evans, No. 06-547, 2007 WL 2020166, at *1 (N.D. Fla. July 9, 2007) (adopting Magistrate Judge's report and recommendation, found at 2007 WL 1430264 (N.D. Fla. May 9, 2007), which granted bankruptcy appellant's application to waive filing fee and then discerned appeal's merits).

**THE COURT** thus will set a briefing schedule, whereupon the appellant will show cause why (1) the appeal should not be dismissed as being frivolous or malicious, for failing to state a claim on which relief may be granted, or seeking monetary relief against an appellee who is immune from such relief, or in the alternative (2) the order appealed from should not be affirmed. See Fed.R.Bankr.P. 8009, 8010.  The Court will also provide the appellee with an opportunity to respond.  This schedule will override any schedule set by the Office of the Clerk of the District Court.[1]

**FOR GOOD CAUSE APPEARING:**

---

[1] On the District Court docket, there is a document listed as the Appellant's Brief.  (See dkt. entry no. 4.)  However, that document appears to be addressed to the Bankruptcy Court, and not the District Court.  In addition, it was filed before the Application was considered.

**IT IS THEREFORE** on this    16th    day of November, 2011, **ORDERED** that the application pursuant to 28 U.S.C. § 1915 to waive the filing fee (dkt. entry no. 5) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court **FILE THE NOTICE OF APPEAL** without the prepayment of fees or costs; and

**IT IS FURTHER ORDERED** that the appellant will **SHOW CAUSE** why the appeal should not be dismissed, or in the alternative why the order appealed from should not be affirmed; and

**IT IS FURTHER ORDERED** that the parties, if responding, must file briefs with the Office of the Clerk of the District Court by the following dates:

    December 5, 2011     Appellant's brief
    December 22, 2011    Appellee's response
    January 6, 2012      Appellant's reply; and

**IT IS FURTHER ORDERED** that any briefs must be filed with the Office of the Clerk of the District Court, and not with the Office of the Clerk of the Bankruptcy Court; and

**IT IS FURTHER NOTED** that "filed" does not mean "mailed", and that the briefs must actually be in the possession of the Office of the Clerk of the District Court by the dates so deemed; and

**IT IS FURTHER ORDERED** that no briefs will be filed by facsimile, and the Office of the Clerk of the District Court will not accept any briefs submitted by facsimile for filing; and

**IT IS FURTHER ORDERED** that if the appellant fails to timely file a brief in response hereto, then the appellant will be deemed to be in support of dismissal of the appeal; and

**IT IS FURTHER ORDERED** that this matter will be decided after January 6, 2012, without oral argument pursuant to Federal Rule of Bankruptcy Procedure 8012.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge