**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | |
| | Bankruptcy No. 09-13388 (MBK) |
| GREGG F. WULSTER, | Adv. Proc. No. 09-2015 (MBK) |
| Debtor. | |
| | |
| GREGG F. WULSTER, | CIVIL ACTION NO. 11-3407 (MLC) |
| Appellant, | |
| v. | **MEMORANDUM OPINION** |
| KAREN PFEIFFER, | |
| Appellee. | |

Appellant, Gregg F. Wulster ("Appellant"), appeals from part of an order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") entered on March 18, 2011 ("3-18-11 Order"), in an adversary proceeding between Appellant and Karen Pfeiffer ("Appellee"). (Dkt. entry no. 1, Not. of Appeal; dkt. entry no. 7, Appellant Br.) The 3-18-11 Order, inter alia, ordered that Appellee was "entitled to entry of a nondischargeable default judgment in the amount of $15,800.00 with respect to debts due and owing . . . arising from the unauthorized cash advances and forgeries." See Adv. Proc. No. 09-2015, dkt. entry no. 53, 3-18-11 Order. Appellee, the complainant in the adversary proceeding, has opposed the appeal. (Dkt. entry no. 8, Appellee Br.) For the reasons stated herein,

this Court will affirm the part of the 3-18-11 Order that held certain debts owed to Appellee to be nondischargeable.

**BACKGROUND**

Appellant and Appellee commenced a romantic relationship in or around 1997, and had two children together.  Bankr. No. 09-13388, dkt. entry no. 52, 3-17-11 Opinion ("Bankr. Op.") at 3.  The relationship apparently deteriorated sometime around 2007.  Id. at 3-4.

Appellant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Code") on February 12, 2009.  See Bankr. No. 09-13388, dkt. entry no. 1. The Bankruptcy Court appointed a Trustee on February 17, 2009. See Bankr. No. 09-13388, dkt. entry no. 3.

Appellee brought an adversary proceeding against Appellant on July 8, 2009 (the "adversary proceeding").  Adv. Proc. No. 09-2015, dkt. entry no. 1, Compl.  The Complaint therein sought relief under 11 U.S.C. § 523.  Id.  Specifically, Appellee alleged that certain debts were nondischargeable in Appellant's bankruptcy because Appellant (1) converted funds by forging Appellee's signature and taking cash advances against credit card lines of credit, and (2) interfered with the sale of real property held by Appellant and Appellee as tenants in common and failed to fully buy the Appellee out of her share of the property.  Id.  Default was entered against Appellant in the adversary proceeding.  Adv. Proc. No. 09-2015, dkt. entry no. 7,

2

Entry of Default.  The allegations relating to the real property are not at issue in this appeal, insofar as the Bankruptcy Court found the debts arising from the sale of that property were dischargeable.  3-18-11 Order at 2.  Relevant to this appeal, Appellee alleged that between 2002 and 2004, Appellant "took cash advances from various credit card accounts opened in [her] name by forging [her] signature on credit card convenience checks" and hiding the forgery by intercepting the credit card statements at their shared residence.  Bankr. Op. at 4-5.  She also alleged that Appellant converted proceeds from a settlement by forging her signature on a $6,000 trust account check paid to Appellee in satisfaction on a lemon law settlement on a Ford F350 truck titled solely in Appellee's name.  Bankr. Op. at 5.

    Appellee moved to strike Appellant's answer and affirmative defenses for failure to provide discovery, and the Bankruptcy Court entered an order granting that relief.  Adv. Proc. No. 09-2015, dkt. entry no. 34, 11-16-10 Order.  The Bankruptcy Court denied Appellant's motion for reconsideration of the 11-16-10 Order on January 11, 2011.  Adv. Proc. No. 09-2015, dkt. entry no. 47, 1-11-11 Order.  Before entering a default judgment against Appellant in the adversary proceeding, the Bankruptcy Court scheduled a proof hearing with respect to the alleged debts described in the Complaint.  Adv. Proc. No. 09-2015, dkt. entry no. 35, Not. of Hr'g.  The proof hearing was held on February 18,

3

2011.  Adv. Proc. No. 09-2015, dkt. entry no. 49.  The Bankruptcy Court reserved decision and permitted the parties to file post-hearing submissions relating to the exact amounts due and owing to Appellee, but ultimately relied upon the "Summary of Debts" chart presented at the proof hearing.  Bankr. Op. at 10 nn.4-5; id. at 12, Summary of Debts; Adv. Proc. No. 09-2015, dkt. entry no. 50, Pl. Exhibits; dkt. entry no. 51, Def. Post-Trial Submission.

   The Bankruptcy Court considered Appellee's complaint seeking a declaration of nondischargeability of the monies owed her for the alleged forgery of checks under the 11 U.S.C. § 523(a)(6) exception for a "willful and malicious injury," namely, conversion, rather than the exception for fraud under 11 U.S.C. § 523(a)(2).  Bankr. Op. at 8 n.3.  Finding that in order to prevail on that count, Appellee had to first establish that a conversion occurred under New Jersey law, and second, that the conversion was unlawful and malicious, the Bankruptcy Court found that Appellant's conduct did amount to conversion, and that the conversion was willful and malicious within the meaning of 11 U.S.C. § 523(a)(6).  Bankr. Op. at 9-10.  Accordingly, the Bankruptcy Court determined the amount of damages, finding that Appellant had made unauthorized cash advances in the amount of $44,037.30, but had already reimbursed the Appellee in the amount of $21,297.15, and certain other balances had been satisfied,

such that the amount remaining owing to Appellee was $9,800.  Id. at 10-11.  With respect to the lemon law settlement, the Bankruptcy Court found that Appellant owed Appellee the proceeds of the forged check, or $6,000.  Thus, the Bankruptcy Court entered a nondischargeable default judgment in the amount of $15,800 against the Appellant with respect to these debts. Id. at 11; 3-18-11 Order at 2.

Appellant appeals from the Bankruptcy Court's findings regarding the amount of nondischargeable debt owed to Appellee, complaining that "at the proof hearing . . . [Appellee] did not have" a "bottom line amount due to" her, and states that he does not "think it is fair that at a trial if a plaintiff is unprepared after two years with the most important detail of all, what is owed, and that the court give an extra ten days to come up with a number after [Appellant] presented all [his] evidence." (Appellant Br. at ¶ 3.)  He contends that he actually overpaid Appellee in reimbursing her for the misappropriated funds.  (Id. at ¶ 9.)  He apologizes for not fully supporting this argument in his post-proof hearing submission, and revisits the Bankruptcy Court's ruling striking his answer and affirmative defenses for failure to provide discovery by arguing that misconduct by Appellee and her attorney resulted in his failure to timely respond to the motion to strike.  (Id. at ¶ 6.)  As to the lemon law settlement, he states that he "now . . . has a document from

5

[Appellee] stating she only wanted half the amount" and requesting that the fact that he was without a vehicle be taken into consideration.  (Id. at ¶ 10.)  Appellant contends that Appellee's own Summary of Debts chart shows that Appellant "paid her $55,700.89" and that the Bankruptcy Court found that he owed Appellee $44,037.30, and requests that the part of the 3-18-11 Order entering default judgment of nondischargeable debt of $15,800 be "vacated/overturned."  (Id. at ¶ 11.)

## DISCUSSION

**I.   Jurisdiction and Standard of Review**

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees.  28 U.S.C. § 158(a).  Orders entering a default judgment may be considered final orders.  See, e.g., In re Victor Int'l, Inc., 97 Fed.Appx. 365, 366 (3d Cir. 2004).  A district court reviews a bankruptcy court's "legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof."  In re Am. Classic Voyages Co., 405 F.3d 127, 130 (3d Cir. 2005) (quotation and citation omitted); see Fed.R.Bankr.P. 8013 ("On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous. . . .").

6

## II. Nondischargeability of Debts Under Section 523

Section 523 of the Code provides exceptions to discharge of debts in bankruptcy. It provides that a discharge under, inter alia, Chapter 7 of the Code "does not discharge an individual from any debt . . . for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6). The party objecting to the dischargeability of a debt bears the burden of proving by a preponderance of the evidence that the particular debt falls within one of the exceptions to discharge enumerated in Section 523(a). Grogan v. Garner, 498 U.S. 279, 291 (1991); In re Singer, No. 10-45, 2010 WL 3732944, at *4 (D.N.J. Sept. 17, 2010).

An injury is "willful and malicious" within the meaning of Section 523 "when the actor purposefully inflicts injury or acts in such a manner that he is substantially certain that injury will result." In re Hawkins, 231 B.R. 222, 228 (D.N.J. 1999) (citation omitted). Mere reckless or negligent conduct does not fall within the scope of Section 523(a)(6). Kiwaauhau v. Geiger, 523 U.S. 57, 63-64 (1998).

The Bankruptcy Court found that the injury asserted by Appellee was the conversion of funds from her lines of credit and the lemon law settlement check, observing that "New Jersey law defines conversion as 'the intentional exercise of dominion or control over personal property that seriously interferes with the right of another to control it.'" Bankr. Op. at 8 (citing

7

Pollen v. Comer, No. 05-1656, 2007 WL 1876489, at *11 (D.N.J. 2007)). The Bankruptcy Court observed that conversion "is not a per se willful and malicious injury to the property of another," but the requisite mental state, knowledge that actual harm to the creditor was substantially certain, may be established by circumstantial evidence. Bankr. Op. at 6, 9.

Appellant does not challenge the Bankruptcy Court's finding that Appellant converted funds from Appellee's line of credits and the lemon law settlement. He makes an argument for the first time on appeal that this conversion was not willful and malicious because Appellee "told [him] to sign the checks on her behalf" and because the conversion was done "to benefit [their] family and expedite [their] family's moving into the house [they] were building together." (Appellant Br. at ¶¶ 6-7.) However, these new arguments may not be considered for the first time on appeal. See, e.g., In re Howard Komendant, C.P.A., P.C., No. 10-2140, 2010 WL 2925167, at *2 (D.N.J. July 19, 2010).

The Bankruptcy Court found that Appellant had "offered no just cause of excuse for his conduct" in converting the Appellee's funds, either before or after the proof hearing, and therefore the circumstantial evidence established that Appellant "knew that drawing over $40,000 on several of [Appellee's] credit cards, without express or implied consent, and forging her signature in the process," as well as his "calculated theft of

8

the lemon law settlement proceeds," were "substantially certain to harm the [Appellant] . . . particularly . . . in light of [Appellant's] awareness and contribution to the parties' mounting debt," so as to satisfy the Section 523(a)(6) standard by a preponderance of the evidence.  Bankr. Op. at 10 (citing <u>In re Littleton</u>, 942 F.2d 551, 554 (9th Cir. 1991)).  The Court finds no error in the Bankruptcy Court's determination.

Appellant argues, circularly, that because he overpaid Appellee with respect to the debts owed her, "there was no malicious intent or harm to [Appellee]."  (Appellant Br. at ¶ 7.)  This argument goes to the Bankruptcy Court's determination of damages, not willful and malicious intent.  The Bankruptcy Court's damages determination was a factual issue with which this Court finds no clear error.  Appellant's post-proof hearing submission to the Bankruptcy Court contains no calculations or specific allegations regarding credit card account balances or the lemon law settlement proceeds that would lead the Court to believe the Bankruptcy Court erred in accepting the Appellee's Summary of Debts chart as an accurate representation that $9,800 remained unpaid by Appellant of the willfully and maliciously converted line of credit funds and $6,000 with respect to the lemon law settlement.  <u>See</u> Adv. Proc. No. 09-2015, dkt. entry no. 51.  Similarly, Appellant's argument regarding alleged overpayments to Appellee entirely lacks support.  (<u>See</u> Appellant

9

Br. at ¶¶ 9-10 (referencing "a handwritten agreement between [Appellant and Appellee] of what [Appellant has paid Appellee]" that Appellee "agreed to and used in her" Summary of Debts chart and "a document from [Appellee] stating she only wanted half the amount" of the lemon law settlement proceeds, but enclosing neither).)  In contrast, Appellee supported the Summary of Debts chart with annotated credit card statements showing the disposition of the debts.  Adv. Proc. No. 09-2015, dkt. entry no. 50-2, Summary of Debts chart and supporting exhibits.

Having reviewed the parties' submissions and the record below, the Court finds no error in either the Bankruptcy Court's findings of fact or conclusions of law, which resulted in the entry of a nondischargeable $15,800 default judgment against Appellant.  The Court will therefore affirm the part of the 3-18-11 Order of the Bankruptcy Court in issue.

## CONCLUSION

For the foregoing reasons, the Court will affirm the part of the 3-18-11 Order of the Bankruptcy Court entering a nondischargeable default judgment of $15,800 against Appellant and in favor of Appellee.  The Court will issue an appropriate order.

                                             s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:    February 22, 2012